

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2009

# Estate of Omayra Sob v. City of Jersey City

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1889

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Estate of Omayra Sob v. City of Jersey City" (2009). *2009 Decisions.* Paper 1181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1889

ESTATE OF OMAYRA SOBERAL, DECEASED;
RAFAEL SOBERAL, INDIVIDUALLY AND AS ADMINISTRATOR
AD PROSEQUENDUM OF THE ESTATE OF OMAYRA SOBERAL;
GIOVANNI ALBERTO GERMOSEN; WILLIAM GONZALEZ

v.

CITY OF JERSEY CITY; JERSEY CITY POLICE DEPARTMENT;
JAMES CARTER, POLICE DIRECTOR; PETER BEHRENS, CHIEF OF POLICE;
YOUNGER, SGT.; ESTATE OF JULIO REYES, DECEASED;
HUDSON COUNTY PROSECUTOR'S OFFICE;
EDWARD J. DEFAZIO, HUDSON COUNTY PROSECUTOR;
JOHN DOES 1-25 AND JANE DOES 1-5;
PATROL OFFICER JOHN BACIGALUPO; JAMES BLAKE;
LIEUTENANT PAT NALBACH; INSPECTOR PAUL WALLEON,

Pat Nalbach,  Paul Walleon and Fred Younger,

Appellants.

On Appeal from the United States District Court
for the District of New Jersey
( D. C. No. 3-04-cv-02788 )
District Judge:  Hon. Joel A. Pisano

Argued on May 11, 2009

Before: AMBRO, ROTH and ALARCÓN\*, <u>Circuit Judges</u>

(Opinion filed: June 16, 2009)

Robert E. Levy, Esquire **(Argued)**
Michael A. Cifelli, Esquire
Laura M. Miller, Esquire
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue
Lyndhurst, NJ   07071

Counsel for Appellants


John S. Furlong, Esquire **(Argued)**
Furlong & Krasny
820 Bear Tavern Road
Mountain View Office Park, Suite 304
West Trenton, NJ   08628

Counsel for Appellees

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Appellants—Lieutenant Pat Nalbach, Inspector Paul Wolleon, and Sergeant Fred Younger—appeal from the portion of the order of the District Court denying summary judgment based on their assertion of qualified immunity in an action brought by

———————

\*Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

Appellees—the Estate of Omayra Soberal, *et al.* Because the parties are familiar with the tragic facts, we will describe them only as necessary to explain our decision. For the reasons discussed below, we will vacate that portion of the order of the District Court and remand this case to the District Court.

Under the collateral-order doctrine, we have jurisdiction over this interlocutory appeal of the portion of the District Court's order denying summary judgment based on qualified immunity. *See Burella v. City of Phila.*, 501 F.3d 134, 139 (3d Cir. 2007). This Court's jurisdiction, however, is limited to determining "'whether the set of facts identified by the district court is sufficient to establish a violation of clearly established constitutional right.'" *Rivas v. City of Passaic*, 365 F.3d 181, 192 (3d Cir. 2004) (quoting *Ziccardi v. City of Phila.*, 288 F.3d 57, 61 (3d Cir. 2002)). We exercise plenary review over the District Court's denial of summary judgment and assess the record using the same standard that guided the District Court. *E.g.*, *Rivas*, 365 F.3d at 193.

Appellants asserted qualified immunity to defend the Estate's claim that they violated Omayra Soberal's Fourteenth Amendment substantive due process right to be free from state-created danger. The doctrine of qualified immunity protects government officials "from civil liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Normally, the first step in the qualified-immunity analysis is to determine "whether the facts that a plaintiff has

3

alleged . . . or shown . . . make out a violation of a constitutional right." *Pearson v. Callahan*, – U.S. –, 129 S. Ct. 808, 816 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.*

The Estate's claim fails step one—the facts do not show that Appellants violated Soberal's right to be free from state-created danger. The state-created danger doctrine is "an exception to the rule that 'the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" *Walter v. Pike County, Pa.*, 544 F.3d 182, 192 (3d Cir. 2008) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). A plaintiff must satisfy four elements for a successful state-created danger claim:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*E.g.*, *Walter*, 544 F.3d at 192 (quoting *Bright v. Westmoreland County,* 443 F.3d 276, 281 (3d Cir. 2006)). To satisfy the fourth element, we require a plaintiff to (1) show that a

4

state official affirmatively acted to the plaintiff's detriment and (2) establish direct causation between the affirmative act and the result. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236–37 (3d Cir. 2008); *Kaucher v. County of Bucks*, 455 F.3d 418, 432 (3d Cir. 2006).

The Estate argues that Nalbach engaged in one affirmative act and that both Wolleon and Younger engaged in two. None of the Appellants, however, affirmatively acted to Soberal's detriment. Nalbach did not affirmatively act to her detriment when he instructed Officer Julio Reyes to stay away from her. Nalbach's act did not make Soberal "more vulnerable to danger." *See Bright*, 443 F.3d at 281. Similarly, neither Wolleon nor Younger affirmatively acted to Soberal's detriment when they instructed Reyes to remain downstairs, away from her. Appellants, moreover, did not affirmatively act by not attempting to disarm Reyes until Soberal left the building: "We have squarely held that 'failing to more expeditiously seek someone's detention,' and failing to arrest someone who poses a threat, are not themselves affirmative uses of authority . . .." *Walter*, 544 F.3d at 194 (quoting *Bright*, 443 F.3d at 284)). The Estate's remaining arguments involve Younger walking Soberal downstairs to meet police officers who were to drive her home. Wolleon affirmatively acted, according to the Estate, by instructing Younger to walk Soberal downstairs without knowing where Reyes was. But failing to locate Reyes was inaction, which is not an affirmative act. *See Walter*, 544 F.3d at 194. The Estate's argument concerning Younger fails because Younger did not act to Soberal's detriment

by escorting her to officers who were to drive her home—away from Reyes.

The District Court erred in denying summary judgment based on qualified immunity for Nalbach, Wolleon, and Younger. Accordingly, we will vacate the portion of the order of the District Court denying Appellants' motion for summary judgment and remand this case to the District Court with instructions to enter judgment in their favor on the Estate's 42 U.S.C. § 1983 claims.